UNITED STATES of America,
Appellee,

v.

Morris C. FANCHER, Appellant.

No. 146, Docket 27324.

United States Court of Appeals
Second Circuit.

Argued June 5, 1963.

Decided July 1, 1963.

See also 195 F.Supp. 634.

Joseph P. Cooney, Hartford, Conn. (John F. Scully, and Patrick J. Flaherty, Hartford, Conn., on the brief), for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, John M. Brant, Attys., Dept. of Justice, Washington, D. C., Robert C. Zampano, U. S. Atty., Dist. of Connecticut, New Haven, Conn., submitted brief for appellee.

Before LUMBARD, Chief Judge, CLARK, Circuit Judge, and ZAVATT, District Judge.

ZAVATT, District Judge.

This is a consolidated appeal from a judgment of conviction entered upon a jury verdict of guilty and from an order of the trial judge denying a motion for a new trial based on newly discovered evidence. The appellant, a Connecticut dentist, was indicted in a three-count indictment, charging him with attempting to evade and defeat a large part of federal income tax due and owing by filing false and fraudulent income tax returns for the calendar years 1953, 1954 and 1955, in violation of Title 26, Section 145(b), United States Code (Sec. 145

(b), Int.Rev.Code of 1939) and Title 26, Section 7201, United States Code (Sec. 7201, Int.Rev.Code of 1954). The indictment alleged that the reported and the correct taxable income and tax liability were as follows:

|  | Income | | Tax | |
|---|---|---|---|---|
|  | Reported | Correct | Reported | Correct |
| 1953 | $ 5,156.79 | $22,629.22 | $ 612.00 | $ 6,008.28 |
| 1954 | 6,018.98 | 29,439.64 | 1,243.74 | 9,196.63 |
| 1955 | 11,655.43 | 37,084.29 | 2,630.41 | 12,974.67 |

The accuracy of these figures is conceded. The defense was that the appellant did not willfully understate his income and his tax liability; that he relied in good faith on the calculations of his accountant, a Mr. Van Doren. The jury returned a verdict of guilty on each of the three counts.

There was abundant evidence from which the jury could find that the appellant was aware of his financial status, his true reportable income, and that he signed and filed his tax returns knowing them to be false. On the critical question of fact as to whether or not the appellant willfully filed false returns or relied in good faith on the calculations of Mr. Van Doren, the charge of the trial judge was thorough, clear and eminently fair.

■ The appellant contends that the Government should have called Mr. Van Doren as one of its witnesses or that the court should have called him; that the appellant was prejudiced because Mr. Van Doren was not so called. Van Doren had testified on the first trial which resulted in a disagreement. He was within the jurisdiction of the court at the time of the second trial and could have been called by either side. The appellant chose not to call him and claims in the argument on this appeal that had he called Van Doren he would have been bound by Van Doren's testimony. The appellant was represented by the same trial counsel at both trials. His counsel should have known that, in this Circuit, "We do not limit our repudiation of the pernicious rule against impeachment of one's witness to instances in which the witness is an 'adverse party' or 'hostile.'

The search for truth is not to be confined by any such limitation." United States v. Freeman, 302 F.2d 347, 351 (2d Cir., 1962). The appellant could have called Van Doren and could have attempted to impeach him. Apparently, Van Doren was a poor witness whom neither side wished to call on the second trial. The proof on the second trial was adequate and overwhelming, without Van Doren's testimony. There was no duty upon the Government or the court to call Van Doren. This contention of the appellant is without merit.

■ About one month before the jury returned its verdict, the trial judge made some remarks, outside the presence of the jury, which were publicized in two Hartford newspapers the following day. Contrary to the statements made by appellant's counsel upon the argument of this appeal, these articles did not appear as front page news items; they did not headline any statement made by the trial judge. The headlines were factually correct—"Fancher Tax Trial Hangs Still on Accountant Role" and "Defense Calls Van Doren 'Crux' in Fancher Trial." The Hartford News article did quote the trial judge as having said: "[A] massive shield or cloak is being thrown up between the government and Dr. Fancher in the form of this man Van Doren," and "I'll say quite frankly that it is hard for me to swallow." Throughout the lengthy trial the jurors were warned repeatedly by the trial judge not to read newspapers. Before the trial judge ruled on the motion for a mistrial, a poll of each juror revealed that no juror had read the newspaper articles. There is no reason to be--

lieve that the jurors' responses to the poll were not truthful. Although an abundance of caution would suggest that the opinions of a trial judge remain unexpressed during a trial to a jury, the appellant was not prejudiced in this case.

■■ There is no merit to the appellant's contention that the trial judge abused his discretion in denying the motion for a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence was a post trial deposition of Van Doren. The granting or denial of such a motion is within the discretion of the trial court and will not be reversed on appeal in the absence of a showing of an abuse of that discretion. No such abuse occurred in this case.

The court notes with disapproval the interval of delay between the date of sentence, July 26, 1961, the date when the appellant's brief was filed, October 1, 1962 and the date when the Government's brief was filed, March 4, 1963.

The judgment of conviction is affirmed.